FILED
Jul 21, 2021
01:34 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| JANSI CHAVEZ SANTOS, | ) | Docket No. 2021-06-0094 |
| Employee, | ) | |
| v. | ) | |
| BARRY HOOPER, d/b/a | ) | State File No. 800048-2021 |
| CHICK-FIL-A, | ) | |
| Employer, | ) | |
| and | ) | Judge Joshua Davis Baker |
| ARCH INSURANCE COMPANY, | ) | |
| Carrier. | ) | |

_____

## EXPEDITED HEARING ORDER
_____

In a July 7, 2021 expedited hearing, Mr. Chavez Santos requested benefits for an alleged work injury to his right hand and wrist. The Court denies his request because it determines he is not likely to prove at a final hearing that his injury arose primarily out of the course and scope of employment.

## Claim History

Mr. Chavez Santos alleged he injured his right hand and wrist at Chick-Fil-A on December 7, 2020, when lifting a basket of chicken nuggets. He testified that weight of the basket bent his arm and struck his wrist against a hard surface.

The next day, at Clinica Hispana La Paz, he complained of right-hand, right-wrist, and right middle-finger pain and numbness with "onset 2 ½ months ago." The clinician noted that Mr. Chavez Santos attributed his injury to repetitive slicing in a restaurant kitchen and advised him not to work for five days, until December 13. She recommended a splint and imposed right-hand restrictions of no repetitive slicing or lifting more than twenty pounds for two weeks.

Mr. Chavez Santos said he gave the work excuse to Egdolinda Ulloa, Chick-Fil-A's kitchen manager and his friend from Honduras who hired him and helped him move to

1

Tennessee. He testified that she reacted angrily, threw the work excuse in his face and refused to help him, even though he told her his injury happened at work.

Contrary to that, Ms. Ulloa testified that when Mr. Chavez Santos presented the work excuse, she told him he would have to go home, since the clinician wrote that he could not work. When he insisted on working, she explained Chick-Fil-A could not accommodate any restrictions until December 13, the day the clinician noted he could return to work.

Ms. Ulloa further testified that Mr. Chavez Santos did not claim a work injury when he presented the excuse, and she did not suspect a work injury for a few reasons. For one, she worked within eyesight and earshot of him on December 7 and did not witness his injury or receive any accident complaint. Also, she testified that he first complained of right-wrist pain to her when he still lived in Miami, before working at Chick-Fil-A.

Moreover, from the witness stand, Ms. Ulloa paraphrased a September 14, 2020 text exchange in which Mr. Chavez Santos asked her where he should go for medical care for his right wrist. She recommended La Paz. And when she suggested a possible cause for his injury, she testified that he responded, "I don't believe it because I've been having this pain since I was in Miami." She said he wrote in another text, "It hurts really bad, like my wrist and my middle finger, and it [is] weird because I don't remember to hurt [sic] myself on anything." In another text, she said that he complained, "It's been two months with this pain in my right hand, and yesterday, it don't [sic] let me sleep."

Gavin Royal, former director of operations for the Chick-Fil-A store, testified that Mr. Chavez Santos never reported a work injury, although he acknowledged that he did not ask whether Mr. Chavez Santos's injury was work-related. However, out of sympathy and concern, he asked the store's owner-operator, Barry Hooper, to pay Mr. Chavez Santos for the three days the La Paz clinician excused him from work.

Mr. Hooper testified that he paid Mr. Chavez Santos for the three days he missed work and explained he had no incentive to suppress a work injury, as his workers' compensation insurance coverage would pay any needed benefits. His testimony echoed Mr. Royal's and Ms. Ulloa's testimony that Mr. Chavez Santos did not report a work-related injury.

For his part, Mr. Chavez Santos claimed that the clinician from La Paz inaccurately recorded his history; Ms. Ulloa exhibited prejudice toward him because of a personal disagreement involving a mutual friend; and Chick-Fil-A employees discriminated against him. Further, he stated he lied to Ms. Ulloa in text messages because he feared losing his job if he reported a work injury.

Chick-Fil-A's witnesses denied discriminating against Mr. Chavez Santos, described how they process and respond to work-related injuries within minutes or hours, and claimed they did not know Mr. Chavez Santos reported a work injury until the insurance company contacted them in January. Specifically, Mr. Royal said he relied heavily on video surveillance to document work injuries. But by the time he learned of Mr. Chavez Santos's allegation, the video surveillance from the night of the alleged injury was no longer available, as the videotape purged after thirty days.

**Findings of Fact and Conclusions of Law**

Mr. Chavez Santos need only present sufficient evidence at this stage that he is likely to prevail at a final hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Under Workers' Compensation Law, Mr. Chavez Santos must prove he suffered an injury caused by a specific incident or set of incidents arising "primarily out of and in the course and scope of employment," which means the employment contributed more than fifty percent in causing the injury, considering all causes. Tenn. Code Ann. § 50-6-102(14)(A)-(B).

Given the testimony of his supervisors, medical records and text messages, the Court finds Mr. Chavez Santos's testimony was not credible concerning the timing or cause of his injury. Certain characteristics are indicative of credibility and reliability, such as self-assuredness, calmness, steadiness, confidence, forthcoming responses, and reasonableness. *Kelly v. Kelly*, 445 S.W.3d 685, 694-95 (Tenn. 2014).

Mr. Chavez Santos's testimony about the evidence unfavorable to his claim is not persuasive. In text messages and medical records, he espoused varying causes for his injury, ranging from descriptions of an acute injury to a gradual injury to not knowing how he hurt himself. The Court finds that he did not know what caused his injury.

Mr. Chavez-Santos's credibility was further damaged by his admission that he lied to Ms. Ulloa about how his injury occurred. He explained that he lied because he feared losing his job. The text messages, however, were sent several months before December 7, 2020, the date Mr. Chavez-Santos alleged he became injured at work.

Likewise, Mr. Chavez-Santos's claim that the clinician inaccurately recorded his complaints is not credible, given the number of times the clinician referenced his complaint that repetitive slicing caused his injury. She even centered restrictions around it. Further, Ms. Ulloa corroborated the clinician's notation that Mr. Chavez Santos's injury occurred far earlier than the day before he visited the clinic.

In sum, the Court does not find Mr. Chavez Santos gave credible testimony but finds his supervisors did. Considering all of the testimony, and the medical record noting a different type of injury than alleged in his testimony, the Court finds Mr. Chavez Santos failed to show he suffered a specific incident causing his injury. The Court, therefore, holds he is unlikely to prevail at a final hearing in proving he suffered an injury arising primarily out of employment.

**IT IS ORDERED** as follows:

1. The Court denies Mr. Chavez Santos's requested relief at this time.

2. The Court sets this claim for **a scheduling hearing on Monday, September 20, 2021, at 9:30 a.m. Central Time.** The parties must call (615) 741-2113 or toll-free at (855) 874-0474 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED July 21, 2021.**

_____

**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

4

# APPENDIX

Exhibits

1. Medical records filed by Employer on June 29, 2021
2. Mr. Chavez Santos's Affidavit
3. Text messages between Mr. Chavez Santos and Ms. Ulloa
4. Excerpts from Mr. Chavez Santos's deposition, collective exhibit

Technical Record

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Prehearing Statement
5. Employer's Witness and Exhibit List
6. Employer's Revised Witness and Exhibit List
7. Employer's Revised Prehearing Statement
8. Employer's Pre-trial Brief
9. Employee's Motion for Continuance
10. Order Denying Continuance

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on July 21, 2021.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Jansi Chavez Santos, Employee | | | X | chavezjancy88@gmail.com |
| Ashley McGee, Greg Fuller; Employer's Attorneys | | | X | abmcgee@mijs.com, ghfuller@mijs.com, kmslusar@mijs.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov

5



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*